# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

STRIKE 3 HOLDINGS, LLC, a limited
liability company,

   Plaintiff,

v.                 Case No. 3:19-cv-759-J-32JRK

JOHN DOE subscriber assigned IP address
73.104.9.11, an individual,

   Defendant.

## O R D E R

  This cause is before the Court on the Motion to Quash Third-Party Subpoena (Doc. No. 10; "Motion"), filed August 19, 2019. Plaintiff commenced this action on June 24, 2019 by filing a Complaint – Action for Damages for Property Rights Infringement and Demand for Jury Trial – Injunctive Relief Sought (Doc. No. 1; "Complaint"). On July 12, 2019, the Court entered an Order (Doc. No. 9; July 12, 2019 Order) granting Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference (Doc. No. 8), filed July 10, 2019, in which Plaintiff sought leave to serve Comcast Cable Communications, LLC ("Comcast") with a subpoena ("Subpoena"). In the Motion, the subscriber of the identified IP address ("Subscriber") requests the Court to "bar Plaintiff from obtaining her identity and address from Comcast pursuant to the Subpoena, awarding all attorneys' fees and costs associated in bringing th[e] Motion." Motion at 8. On August 29, 2019, Plaintiff filed its Response in Opposition to Defendant's Motion to Quash Third-Party Subpoena (Doc. No. 13).

  In the Motion, the Subscriber makes three arguments: 1) "the subpoena should be quashed because this Court lacks subject matter jurisdiction over the subpoenaed party";

2) the Subscriber "will suffer irreparable harm to her reputation"; and 3) the requested documents would not "lead to the actual infringer." Motion at 3, 5, 7 (emphasis and capitalization omitted). The undersigned addresses each argument in turn.

First, this Court has subject matter jurisdiction to issue the Subpoena pursuant to Rule 45(a)(2), Federal Rules of Civil Procedure ("Rule(s)"), which provides that a subpoena to a non-party must be issued "from the court where the action is pending." In making her argument, the Subscriber relies on cases interpreting a prior version of Rule 45(a)(2). See Motion at 4-5. Accordingly, the Subscriber's argument is without merit.

Second, in allowing the Subpoena to be issued, the Court set out a number of procedural protections, one of which allowed the Subscriber to file a motion to proceed anonymously in this case. See July 12, 2019 Order at 4. While the Court is cognizant of the Subscriber's concerns, filing a motion to proceed anonymously sufficiently protects her privacy and reputational interests. Moreover, Plaintiff may only use the information disclosed in response to the Subpoena for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint. See id.

Third, to the extent the Subscriber claims she is not the alleged infringer in this case, see Motion at 7; Declaration in Support of Motion to Quash Subpoena (Doc. No. 10-1), a denial of liability is not a basis to quash a Rule 45 subpoena, see, e.g., Plastic The Movie Ltd. v. Doe, No. 15-CV-21310, 2015 WL 5634625, at *2 (S.D. Fla. Sept. 24, 2015); Malibu Media, LLC v. Does, No. 2:12-cv-177-FtM-29-SPC, 2012 WL 12921321, at *1 (M.D. Fla. June 6, 2012). As explained in the July 12, 2019 Order, Plaintiff made a good cause showing for early discovery. See July 12, 2019 Order at 2. The Court recognized the risk

that a non-infringing party could be identified and served, but the Court found this was insufficient to deny Plaintiff's access to the discovery sought. See id. at 2-3.

Upon due consideration, it is

**ORDERED**:

1. The Motion to Quash Third-Party Subpoena (Doc. No. 10) is **DENIED**.

2. The subscriber of the identified IP address ("Subscriber") is reminded that she may file a motion to proceed anonymously in this case, no later than **14 days** after receiving notification from Plaintiff of its intent to name and serve her as the defendant in this case. **Prior to the filing the motion, the Subscriber shall confer in good faith with Plaintiff regarding the relief requested and file a certification pursuant to Local Rule 3.01(g)**.[1]

**DONE AND ORDERED** in Jacksonville, Florida on September 25, 2019.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record

---

[1] The parties are advised that the good faith conferral requirement set forth in Local Rule 3.01(g) has been interpreted as requiring the parties to "speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues" prior to filing most motions seeking court intervention. Davis v. Apfel, No. 6:98-cv-651-Orl-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000) (unpublished Report and Recommendation) (emphasis added), adopted, No. 6:98-cv-651-Orl-22A (Doc. No. 46).